UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-cv-11-R

FRATERNAL ORDER OF POLICE
BARKLEY LODGE #60, INC., et. al.,                                                                PLAINTIFFS

v.

ERNIE FLETCHER, et. al.,                                                                          DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the Defendants' Motion & Memorandum to Dismiss (Dockets #6 & #7). The Plaintiffs have responded to that motion (Docket #13). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss is **GRANTED**. The Plaintiffs shall have twenty (20) days from the date of this opinion and order to file a motion to amend their complaint.

**BACKGROUND**

The Plaintiffs, consisting of the Fraternal Order of the Police, Barkley Lodge #60, and 123 current and past corrections officer at the Kentucky State Penitentiary, have a filed complaint alleging violations of the Fair Labor Standards Act ("FLSA"); the Portal to Portal Act ("PPA"); and the mandatory career retention programs provisions under KRS § 196.160, against Governor Ernie Fletcher, Department of Corrections Commissioner John D. Rees and Kentucky State Penitentiary Warden Thomas Sampson in their official capacities. The Defendants contend that the Court lacks subject matter jurisdiction to hear the Plaintiffs claims because the claims are precluded by the Eleventh Amendment. The Defendants also assert that the state law claim should be dismissed because the Court lack pendent jurisdiction to address the claim. In their response, the Plaintiffs argue that because they seek to end a continuing federal violation, their

claims against the Defendants in their official capacities can go forward. In addition, the Plaintiffs also assert that the Defendants were summoned in their individual capacities, and therefore, the Defendants have been given notice as to those claims. Lastly, the Plaintiffs state that if the Court finds that the Eleventh Amendment precludes the claims against the Defendants in their official capacities, the Plaintiffs would request leave to Amend the Complaint to allege charges against the Defendants in their individual capacity.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12[] of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The Eleventh Amendment prohibits suits against state governments and their agencies

unless Congress has abrogated the sovereign immunity of the state. *Hans v. Louisiana*, 134 U.S. 1, 18 (1890); *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The United States Supreme Court has held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suit against government agents, such as the Defendants, in their official capacity, equates to a suit against the government. However, it is well-settled law that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir.1990) (*quoting Quern*, 440 U.S. at 337).

In the instant matter, the Plaintiffs have brought federal claims against the Defendants in their official capacities as officers and/or agents of the Commonwealth of Kentucky for "damages" under FLSA and PPA. These claims are precluded by the Eleventh Amendment, and therefore, fail as matter of law. *See Quern*, 440 U.S. at 337. While the Plaintiffs contend that their complaint is also against the Defendants in their individual capacities, the complaint only states that the claims are brought against the Defendants in their official capacities. In addition, while the Court recognizes that the United States Supreme Court has held that a state official may be sued in his or her official capacity for injunctive relief, the complaint filed by the Plaintiffs does not ask for injunctive relief for a continuing violation of federal law. *See Will*, 491 U.S. at 71, n.10. If the Plaintiffs wish to assert these claims against the Defendants, they must assert them in their complaint. Accordingly, the FLSA and PPA claims against the Defendants in their official capacities fail as a matter of law because they are barred by the Eleventh

Amendment.

The Court also finds that because the federal claims against the Defendants fail as a matter of law, the Court does not have pendent jurisdiction under 28 U.S.C. § 1367 to address state law claim asserted against the Defendants under KRS § 196.160. *See* 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection...if...the district court has dismissed all claims over which it has original jurisdiction"); *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802-03 (6th Cir. 1996). Accordingly, the Court does not have jurisdiction to address the state law claim asserted against the Defendants, and therefore, the state law claim is dismissed.[1] However, the Court shall grant the Plaintiffs leave to amend their complaint within twenty (20) days of the date of this opinion.

## CONCLUSION

**IT IS SO ORDERED:**

The Defendants' Motion to Dismiss (Docket #6) is **GRANTED**. Accordingly, all claims against the Defendants are **DISMISSED**. The Plaintiffs shall have twenty (20) days from the date of this opinion and order to file a motion to amend their complaint.

---

[1] The Court notes that the Defendant have also briefly addressed that the FLSA claim and state law claim under KRS § 196.160 do not arise under a common nucleus of operative facts. As the Court has determined to grant the motion to dismiss despite that argument, the Court shall not address that issue at this time.