UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO.: 5:07-CV-11-R

FRATERNAL ORDER OF POLICE
BARKLEY LODGE #60, INC., et. al.,                                        PLAINTIFFS

v.

ERNIE FLETCHER, et. al.,                                                 DEFENDANTS

**OPINION & ORDER**

This matter comes before the Court on the Defendants' Motion to Dismiss (Docket #20). The Plaintiffs have responded to that motion (Docket #21), and the Defendants have replied to that response (Docket #22). This matter is now ripe for adjudication. For the following reasons, the Defendant's Motion to Dismiss (Docket #20) is **GRANTED in part** and **DENIED in part**.

**BACKGROUND**

The Plaintiffs, consisting of the Fraternal Order of the Police, Barkley Lodge #60, as well as current and past corrections officer at the Kentucky State Penitentiary, have a filed complaint alleging violations of the Fair Labor Standards Act ("FLSA"); the Portal to Portal Act ("PPA"); and the mandatory career retention programs provisions under KRS § 196.160, against: Kentucky Governor Ernie Fletcher; Department of Corrections Commissioner John D. Rees; Kentucky State Penitentiary Warden Thomas Sampson; and Wardens Becky Pancake and Steven Haney, all in their individual and official capacities. Count One (1) of the amended complaint alleges that the Defendants exempted and continue to deny overtime compensation to the Plaintiffs in violation of FLSA. Count Two (2) of the amended complaint alleges that the Defendants violated and continue to deny the Plaintiffs preliminary and "postliminary" compensation for services performed prior to and/or subsequent to the workday, in violation of

the PPA. Lastly, Count III of the amended complaint alleges that the Defendants violated KRS 196.160 by not providing funds for veteran staff under the mandatory career retention program.

The Defendants contend that the Plaintiffs' claims against the Defendants in their official capacities for injunctive relief should be dismissed because the claims are precluded by the Eleventh Amendment. The Defendants also assert that the pertinent section of FLSA precludes a private right of action for injunctive relief against the Defendants in their individual capacities. Lastly, the Defendants argue that the remaining state law claim should be dismissed because the Court lacks pendent jurisdiction to address the claims.

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12[] of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

In their Motion to Dismiss, the Defendants contend that (1) the Eleventh Amendment bars the claims against the Defendants in their official capacities; (2) FLSA precludes the claims against the Defendants in their individual capacities for injunctive relief; and (3) the pendent state law claims should be dismissed. The Court shall address each of these issues separately.

### 1. Sovereign Immunity under the Eleventh Amendment: Claims Against the Defendants in Their Official Capacities Seeking Injunctive Relief

The Eleventh Amendment prohibits suits against state governments and their agencies unless Congress has abrogated the sovereign immunity of the state. *Hans v. Louisiana*, 134 U.S. 1, 18 (1890); *Quern v. Jordan*, 440 U.S. 332, 341 (1979). The United States Supreme Court has held that a "suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office." *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 67 (1989); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985). As such, a suit against government agents, such as the Defendants, in their official capacities, equates to a suit against the government. It is well-settled law that "a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment." *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir.1990) (*quoting Quern*, 440 U.S. at 337). However, the United States Supreme Court has held that a state official may be sued in his or her official capacity for injunctive relief. *See Will*, 491 U.S. at 71, n.10 (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).

Here, the Defendants contend that claims against them in their official capacities for

injunctive relief are precluded by the doctrine of sovereign immunity. In support of this argument the Defendants cite the United States Supreme Court case of *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)("*Seminole Tribe*"). In *Seminal Tribe*, the Supreme Court held that Congress may *only* authorize suits against states when acting pursuant to Section 5 of the Fourteenth Amendment. *Seminole Tribe* at 57. In determining what statutes are validly enacted under Section 5 of the Fourteenth Amendment, the Supreme Court set-out a two (2) part test, which considers: "first, whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity...and second, whether Congress has acted 'pursuant to a valid exercise of power.'" *Id.* at 55 (quoting *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 425-26, 88 L.Ed.2d 371 (1985)); *see also Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 837-38 (6th Cir. 1997).

The Defendants assert that this circuit holds the FLSA was not enacted under Section 5 of the Fourteenth Amendment. In support of this argument, the Defendants cite the Sixth Circuit Court of Appeals case of *Wilson-Jones v. Caviness*, 99 F.3d 203, 206-07 (6th Cir. 1996) *modified*, 107 F.3d 358 (6th Cir.1997). In *Wilson-Jones*, the Court held that "the part of the FLSA that purports to give federal courts jurisdiction over an action against a state for violation of the FLSA's minimum wage and maximum hour provisions is unconstitutional and, therefore, the district court was without jurisdiction over the plaintiffs' case" because of a lack of subject matter jurisdiction to hear the case. *Id.* at 206. The Court reasoned that FLSA's wage and hour provisions were enacted pursuant to Congress' authority under the Commerce Clause, and therefore, were insufficient to abrogate state immunity. *Id.* at 207.

While *Wilson-Jones* "is no longer good law" when it comes to the holding from the case that sovereign immunity is jurisdictional "in the same sense" as subject-matter jurisdiction,

4

*Kovacevich v. Kent State Univ.*, 224 F.3d 806, 816 (6th Cir.2000), *Wilson-Jones* still is good law as far as addressing whether a court has subject matter jurisdiction to hear a FLSA claim against a state. *See Jackson v. Commonwealth of Kentucky*, 129 F.3d 1264 (6th Cir. 1997); *see also Timmer*, 104 F.3d 842 (distinguishing *Wilson-Jones* and allowing for abrogation of immunity under the FLSA's Equal Pay Act provisions, which the court tied to the Fourteenth Amendment rather than the Interstate Commerce Clause).  Accordingly, when determining whether the Eleventh Amendment permits jurisdiction in a federal forum to address FLSA claims, the Court must look to the specific provision(s) identified by the party seeking enforcement and determine whether they are tied to Section 5 of the Fourteenth Amendment.

In *Jackson v. Commonwealth of Kentucky*, the Sixth Circuit Court of Appeals addressed whether the court had jurisdiction to hear a suit filed by state employees against the Commonwealth of Kentucky, which sought injunctive relief and monetary compensation for past overtime wages under FLSA. *Jackson*, 129 F.3d at *1.  In applying *Seminole Tribe* and *Wilson-Jones* when addressing the claims for injunctive relief, the Court held that the Court did not have subject matter jurisdiction over the plaintiffs' FLSA overtime claims because the overtime provisions within FLSA did not relate to Section 5 of the Fourteenth Amendment. *Id.* at *2.  In citing the reasoning in *Wilson-Jones* that stated FLSA's wage and hour provisions were enacted pursuant to Congress' authority under the Commerce Clause and that "commerce power alone is insufficient authority for Congress to abrogate state sovereign immunity," the Court in *Jackson* held that this also applied to overtime wages. *Id.* (citing *Wilson-Jones* at 206-07).  The Court also held that within FLSA there was no waiver of immunity found explicitly within the statute, and therefore, the Eleventh Amendment precluded the claims. *Id.*

In the instant matter, the Plaintiffs seek injunctive relief against the Defendants in their official capacities under FLSA for the Defendants' alleged failure to pay the Plaintiffs' overtime compensation as well as preliminary and "postliminary" compensation for services performed prior to and/or subsequent to the workday.  Similar to *Wilson-Jones* and *Jackson*, the claims set out by the Plaintiffs under FLSA do not relate to Section 5 of the Fourteenth Amendment as the FLSA provisions in question were enacted pursuant to Congress' authority under the commerce clause. *See* 29 U.S.C. § 202(b) (FLSA was enacted by Congress "exercis [ing] ... its power to regulate commerce among the several States."); *see also Aaron v. State of Kansas*, 115 F.3d 813, 815-16 (10th Cir. 1997); *Raper v. Iowa*, 115 F.3d 623, 624 (8th Cir.1997); *Abril v. Com. of Virginia*, 145 F.3d 182, 186-87 (4th Cir. 1998); *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998).  Accordingly, the Eleventh Amendment bars the claims for injunctive relief against the Defendants in their official capacities under FLSA.

The Court also finds that any claims asserted against the Defendants in their official capacities seeking injunctive relief under the Portal-to-Portal Act, 29 U.S.C. § 251, et. al., are also precluded by the Eleventh Amendment.  The Portal-to-Portal Act was passed as a subsequent amendment to FLSA in 1947 to limit the coverage provided under the FLSA. *Chao v. Tradesmen Intern., Inc.*, 310 F.3d 904, 912 n. 2 (6th Cir. 2002).  Accordingly, for the same reasons set out *supra*, the Court finds the Eleventh Amendment bars the claims against the Defendants in their official capacities under the Portal-to-Portal Act.

**2. Claims Against the Defendants in their Individual Capacities under FLSA and The PPA for Injunctive Relief**

FLSA, 29 U.S.C. § 217, provides that courts have jurisdiction to enter injunctive relief

for violations of FLSA. Courts have held that this section, read concurrently with § 211, only allows the Secretary of Labor to bring a claim under FLSA to seek injunctive relief. *Howard v. City of Springfield, Illinois*, 274 F.3d 1141, 1144-45 (7th Cir. 2001); *United Food & Commercial Workers Union, Local 1564 of New Mexico v. Albertson's, Inc.*, 207 F.3d 1193, 1197-98 (10th Cir.2000); *Powell v. Florida*, 132 F.3d 677, 678 (11th Cir.1998); *Barrentine v. Arkansas-Best Freight System, Inc.*, 750 F.2d 47, 51 (8th Cir. 1984); *Morelock v. NCR Corp.*, 546 F.2d 682, 688 (6th Cir.1976), *rev'd on other grounds*, 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503 (1978). Accordingly, the Court finds that the Plaintiffs are precluded from seeking injunctive relief against the Defendants in their individual capacities under FLSA and the Portal-to-Portal Act, as such authority solely lies with the Secretary of Labor.

The Court notes that the motion to dismiss filed by the Defendants did not address claims brought against the Defendants in their individual capacities for monetary damages under FLSA and the Portal-to-Portal Act.

### 3. State Law Claims brought under Pendent Jurisdiction

At this juncture, as the claims asserted against the Defendants under FLSA and Portal-to-Portal Act that seek monetary damages against the Defendants in their individual capacities shall go forward at this time, the Court has pendent jurisdiction under 28 U.S.C. § 1367 to hear the state law claims brought against the Defendants under KRS 196.160.

### CONCLUSION

**IT IS SO ORDERED:**

For the foregoing reasons, the Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED part**. The claims against Defendants in their official capacities that seek injunctive

relief under FLSA and the Portal-to-Portal Act are dismissed for lack of subject matter jurisdiction. In addition, the claims against the Defendants in their individual capacities that seek injunctive relief under FLSA and the Portal-to-Portal are dismissed for lack of subject matter jurisdiction. The claims against the Defendants in their individual capacities that seek to recover monetary compensation under FLSA and the Portal-to-Portal Act shall go forward at this time. Lastly, the state law claims asserted against the Defendant under KRS 196.160 shall go forward at this time.