UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CASE NO. 5:07-CV-11-R

**ELECTRONICALLY FILED**

**FRATERNAL ORDER OF POLICE**
**BARKLEY LODGE #60, INC.**
**c/o LARRY G. BLAND, PRESIDENT, ET AL.**                **PLAINTIFFS**

**v**

**ERNIE FLETCHER, ET AL.**                              **DEFENDANTS**

MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO DISMISS

Come Defendants, Ernie Fletcher, individually and in his official capacity as

Governor of Kentucky; John D. Rees, individually and in his official capacity as the

Commissioner of the Department of Corrections; Thomas Simpson, individually and in

his official capacity as Warden of the Kentucky State Penitentiary; Betty Pancake,

individually and in her official capacity as Warden of the Western Kentucky Correctional

Complex and Steve Haney, individually and in his official capacity as Warden of the

Northpoint Training Center (hereinafter Defendants), by counsel and submit the

following Memorandum in Support of their Motion to Dismiss Plaintiffs' complaint and

amended complaint.

**INTRODUCTION**

This is a suit brought by Plaintiffs, present and former Corrections Officers with

the Kentucky Department of Corrections, under the Fair Labor Standards Act (29 USC

§201 et seq) alleging Plaintiffs have been improperly denied compensation under federal

law.  Plaintiffs' original complaint named only Defendants Governor Ernie Fletcher, in

his official capacity; Department of Corrections Commissioner John D. Rees, in his official capacity and Kentucky State Penitentiary Warden Thomas Simpson, in his official capacity.  On February 20, 2007, Defendants moved to dismiss Plaintiffs complaint as barred under the 11th Amendment of the United States Constitution.  On April 20, 2007, this Court granted Defendants' Motion to Dismiss but further permitted Plaintiffs leave to file an amended complaint.

On May 11, 2007, Plaintiffs filed an amended complaint naming individual defendants, Steve Haney, Betty Pancake, Ernie Fletcher, John D. Rees and Thomas Simpson as defendants.  On June 18, 2007, Defendants again moved to dismiss Plaintiffs' complaint.  On August 2, 2007, this Court entered its order granting in part and denying in part Defendants' Motion to Dismiss, declining to dismiss Plaintiffs' claims for damages against the individual defendants.

In this Memorandum, it will be demonstrated that Plaintiffs' complaint fails to state a claim against defendants in their individual capacities under the Fair Labor Standards Act (29 USC §201 et seq) and the Portal to Portal Act (29 USC §251-262)[1]. Further, it will be shown that Plaintiffs state law claims should be dismissed.

## **ARGUMENT**

## **I.  IDIVIDUAL GOVERNMENT DEFENDANTS MAY NOT BE HELD LIABLE UNDER THE FLSA**

As discussed, the only remaining claims in this litigation are Plaintiffs damages claims against the Governor of Kentucky and a number of Department of Corrections officials in their individual capacities.  This raises the obvious question of whether such defendants are subject to liability under the FLSA.  This issue was cogently set forth by

---

[1] The Portal to Portal Act merely sets forth certain definitions, limitations and defenses with respect to the Fair Labor Standards Act and does not provide any independent basis for relief.  *See* IBP Incorporated v. Alverez, 546 US 21 (2005).

Plaintiffs themselves in their response to Defendants' motion to dismiss amended complaint: "The question then turns to whether or not these named Defendants are "employers," and thereby may be sued under the FLSA."  Plaintiffs' brief at page 4.  The Courts which have considered this issue have consistently determined that individual liability may not be imposed against governmental defendants under the FLSA.

In Mitchell v. Chapman, 343 F.3d 811 (6th Cir, 2003) the Court was faced with the issue of "Whether the FMLA (Family Medical Leave Act, 29 USC §2611 et.seq.) imposes individual liability on public agency employers." Id. at 828.  The FMLA defines employer as follows:  "Any person who acts, directly or indirectly, in the interest of an employer to any employees of such employer and …any successor in the interest of the employer …includes any 'public agency" 29 USC §2611(4)(A)  The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency."  29 USC §203(d).   As the Court in Mitchell stated, the definition of employer in the FMLA "mirrors the FLSA definition of employer." Id. at 827.  The Court went on to analyze the remedial nature of both the FMLA and FLSA and held that "The FMLA does not impose individual liability on public agency employers." Id. at 833.  The Court further noted that "This Court has never extended individual liability to public employees under the FLSA." Id. at 832.

Thus, under Mitchell, which analyzed identical language to that of the FLSA under the FMLA regarding the definition of employer, the individual defendants in the case at bar can in no event be held liable since they are clearly not "employers" under the act.  Welch v. Laney, 57 F.3d 1004 (11th Cir. 1995).

In Wescura v. Carver, 169 F.3d 683 (11th Cir. 1999), the Court succinctly set forth the law on this issue as follows:  "... a public official sued in his individual capacity is not a 'employer' subject to individual liability under the FLSA because 'employer' is defined the same way in the FMLA and FLSA…" Wescura at 686.  Plaintiffs damages claims against the individual governmental employers here must therefore be dismissed.

Courts which have considered the definition of the term "employer" in other contexts have also held that individuals may not be held liable in employment claims.  In Wathen v. General Electric Company, 115 F.3d 400 (6th Cir. 1997) the 6th Circuit held that individual defendants do not fall under the definition of "employer" as set forth in the anti-discrimination provisions of Title VII (42 USC §2000e).  *See also* Morris v. Oldham Fiscal Court, 201 F.3d 784, (6th Cir. 2000).  In Frizell v. Southwest Motor Freight Incorporated, 906 F.Supp. 441, (ED Tenn. 1995), the Court specifically adopted the Title VII definition of "employer" in denying liability under the Family Medical Leave Act.  Again, since the FLSA has the same definition of employer, the reasoning of the Frizell Court also precludes individual liability in this case.

In Luder v. Endicott, 253 F.3d 1020 (7th Cir. 2001), the 7th Circuit specifically addressed the issue of whether State prison officials may be subject to damages in their individual capacities under the FLSA.  In holding that such claims are barred by the 11th Amendment, Judge Posner stated as follows:

> The State will have to pay.  If it refuses to pay,
> the plaintiffs will bring a fresh suit against the
> defendants-but before that happens, upon the first
> inkling that the state will not be paying the wages to
> which the plaintiffs have been adjudged entitled,
> the defendants will quit their jobs lest they be faced
> with another crushing judgment.  Thus, whether
> or not the state indemnifies these supervisory

> employees, these FLSA employers, it will, if
> the present suit is allowed to go forward to
> judgment for the plaintiffs, be forced to pay the
> plaintiffs the additional wages they seek.  The
> effect will be identical to a suit against the state.
> The money will flow from the state treasury to
> the plaintiffs.  This is not hypothetical, but
> inescapable; and it is not a scenario found in any
> of the cases that have rejected an Eleventh Amendment
> defense to individual-capacity status.

Id. at 1024.

Thus under Luder v. Endicott, Plaintiffs individual capacity damages claims are barred by

the Eleventh Amendment.

The individual defendants are clearly not "employers" as that term is used under

the FLSA.  Further, under Luder v. Endicott these claims are otherwise barred by the 11th

Amendment.  Accordingly, the individual defendants respectfully request that the claims

against them be dismissed.

## II.  PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

Plaintiffs allege violations of the career retention provisions of KRS 196.160 (3).

This statute provides for certain salary adjustments for hazardous duty corrections

officers.  The statute further provides that said salary increases are to be provided for in

subsequent state budgets.

Subsequent to the enactment of the above referenced statute however, the General

Assembly has simply failed to enable this statutory scheme by providing funds for its

implementation.  The named defendants have been unable to implement a career

retention program since it has not been funded by the General Assembly.  In these

circumstances, Plaintiffs have no claim under this statute.

In Fletcher v. Commonwealth, 163 S.W.3d 852, (Ky. 2005), the Kentucky Supreme Court specifically held that the General Assembly must provide funds for a statutory scheme before it may be implemented by the executive branch: "However the mere existence of a statute that can be implemented only if funded does not mandate an appropriation.  'The general assembly is permitted through the reduction or elimination of an appropriation, to effectively eliminate the efficacy of existing statutes.' Commonwealth ex rel Armstrong v. Collins, 709 S.W.2d at 441" [Ky 1986] Id. at 865. Thus in effect, the named defendants here are constitutionally prohibited under state law from implementing the KRS 196.160 absent an appropriation by the General Assembly. "…absent a statutory, constitutional, or valid federal mandate, section 230 precludes the withdrawal of funds from the state treasury except pursuant to a specific appropriation by the General Assembly." Fletcher v. Commonwealth, at 868.  Accordingly, Plaintiffs' state law claims are without merit and must be dismissed.[2]

## **CONCLUSION**

Plaintiffs complaint fails to state a claim against the named individual defendants since the FLSA does not provide for individual liability against governmental actors. Plaintiffs state law claims must fail as a matter of law since Defendants cannot legally effectuate an unfunded mandate.  For the foregoing reasons, Defendants respectfully request that their motion to dismiss be granted and the claims against them be dismissed without relief and with prejudice.

---

[2] These claims are otherwise barred by state sovereign immunity, Yanero v. Davis, 65 S.W.3d 510 (Ky. 2001)

Respectfully submitted,


*/s/ William H. Fogle*
_____
WILLIAM H. FOGLE
Justice and Public Safety Cabinet
Office of Legal Services
125 Holmes Street
Frankfort, KY 40601
Phone:  (502) 564-3279
Fax:  (502) 564-6686
COUNSEL FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Memorandum of Law was electronically filed on the 27th day of August, 2007, with notification to:

Stephen D. Wolnitzek
Shane C. Sidebottom
WOLNITZEK & ROWEKAMP, PSC
502 Greenup Street
P. O. Box 352
Covington, KY  41012-0352

*/s/ William H. Fogle*
_____
William H. Fogle