**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CASE NO. 5:07CV-11-R**


**FRATERNAL ORDER OF POLICE**                                    **PLAINTIFFS**
**BARKLEY LODGE #60, Inc., et al.**

**V.**

**ERNIE FLETCHER, et al.**                                               **DEFENDANTS**

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Come now the Plaintiffs, Fraternal Order of Police Barkley Lodge #60, Inc., et al.,

by and through counsel, and for their Response to Defendants' Motion to Dismiss, state

as follows:

### INTRODUCTION

First and foremost, this Court should take strong note of the following two facts:

(1) this is the third Motion to Dismiss this matter; and (2) this Court has issued an Order

stating that the claims against the Defendants in their individual capacities that seek to

recover monetary compensation under FLSA and the Portal-to-Portal Act shall go

forward, and the state law claims asserted against the Defendant under KRS § 196.160

shall also go forward.[1] Now the Defendants have filed yet another Motion to Dismiss

these allegations, even though this Court has directly ruled that said allegations should

not be dismissed.  How many bites at the apple should be afforded to the Defendants?

Even if the current Motion to Dismiss contains alternative grounds for dismissal,

Defendants should have raised those issues in any of the first two Motions to Dismiss

---

[1] See Opinion & Order, 8/2/07.

they filed.  The manner in which Defendants have handled their position in this matter is directly contrary to the interest that this Court has in judicial efficiency.

<u>ARGUMENT</u>

**I.**     **This Court should allow the Plaintiffs' claims against the Defendants, being sued in their individual capacities, to go forward for violations of the Fair Labor Standards Act.**

This Court has already dismissed many of the allegations in this lawsuit.  More specifically, according to the Opinion and Order dated 08/02/07, this Court has determined that:

(1)     the 11th Amendment bars Plaintiffs' claims for injunctive relief against the Defendants in their official capacities under the Fair Labor Standards Act ("FLSA");

(2)     the 11th Amendment bars claims asserted against Defendants in their official capacities under the Portal-to-Portal Act ("PPA");

(3)     the Plaintiffs are precluded from seeking injunctive relief against the Defendants in their individual capacities under the FLSA and PPA;

Should this Court determine that, in addition to what is set forth immediately above, that the Plaintiffs are precluded from seeking monetary damages from the Defendants sued in their individual capacities, then this Court would essentially recognize a right without a remedy.  The Plaintiffs are prison workers.  They are employees of the state, and more directly employees of the prison warden.  As employees, they are entitled to privileges of the FLSA.  If they are unable to sue for the money they are owed, via the FLSA, from their employers, then what remedy remains for them?  These Plaintiffs are owed overtime.  This Court should not deny them what they are owed, just as any other employees would be owed had they not been properly paid for the time they have worked.

Furthermore, the facts of this case have not been disputed in much detail. Defendants have based their argument on the Plaintiffs' claims being precluded from even going forward in this Court – not that the claims were not meritorious based upon the facts of this case.

The court in <u>Plourde v. Massachusetts Cities Realty Co</u>., 47 F. Supp. 668 (D. Mass. 1942), citing the FLSA, held that:

> "*Section 16(b) provides that an employee who has not received the overtime compensation provided for such excess hours may bring an action to recover such overtime compensation and an additional equal amount as liquidated damages, the costs of the action and a reasonable attorney's fee*."[2]

The court further stated that:

> "*An employee, exercising his rights under Section 16(b) of the Act, exercises them, not only for his own benefit, but for the benefit of the general public. Consequently, public policy demands that such exercise be not unnecessarily hampered*."[3]

The Defendants have argued this Court should bar the Plaintiffs' FLSA claims against the Defendants in their individual capacities because those Defendants are no "employers" as used under the FLSA, and therefore may not be sued. If these Defendants may not be sued for violations of the FLSA, then what law exists to prevent these Defendants from violating the FLSA? Perhaps more importantly, what law exists to allow prison workers to recover for overtime? Plaintiffs' statutory remedy is the sole remedy available to employees for enforcement of whatever rights he or she may have under the FLSA.[4]

---

[2] <u>Id</u>. at 670.
[3] <u>Id</u>. at 670, 671.
[4] <u>Lerwill v. Inflight Motion Pictures, Inc</u>., 343 F. Supp. 1027 (N.D. Cal. 1972)

Thus, to deny these Plaintiffs the right to proceed forward with their claims against these Defendants would essentially deprive them of the remedy envisioned by the FLSA to benefit employees of this sort. Therefore, Plaintiffs should be allowed to proceed forward with their claims and summary judgment should be overruled.

**II.    This Court should allow the Plaintiffs' state law claims against the Defendants.**

Lastly, the Defendants have argued that Plaintiffs should not be allowed to proceed with their claims under KRS 196.160 because the General Assembly has failed to provide funds for its implementation. However, the statute still stands as the law in Kentucky, meaning that the statute must be enforced. The General Assembly does not pass laws that they do not intend to enforce. Furthermore, whether or not the General Assembly has provided funds for its implementation is a budgetary issue separate and apart from any of the issues of this case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Defendants Motion to Dismiss be summarily OVERRULED.

                                        **WOLNITZEK & ROWEKAMP, P.S.C.**

                                        BY:  s/Shane C. Sidebottom_____
                                              **STEPHEN D. WOLNITZEK (78464)**
                                              **SHANE C. SIDEBOTTOM (#89046)**
                                              502 Greenup Street
                                              P.O. Box 352
                                              Covington, KY  41012-0352
                                              (859) 491-4444

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 11th day of September, 2007, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon.William H. Fogle.

<u>s/Shane C. Sidebottom, Esq.</u>
E-mail: ssidebottom@wrblaw.com
